983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Delwin Vande SLUNT, Plaintiff/Appellant,
v.
MERCURY MARINE, a Brunswick Corporation, and Brunswick
Corporation, Defendant/Appellees.
 No. 92-1042.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1992.*
Decided Jan. 7, 1993.
 
 Before CUDAHY, POSNER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Delwin Vande Slunt contends that his employer, Mercury Marine, a subsidiary of the Brunswick Corp. (collectively, "Mercury Marine"), discriminated against him because of his age and handicap. Mr. Vande Slunt brought suit under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, ("ADEA"), and under several theories of state law. Mr. Vande Slunt filed this action in the Milwaukee County Circuit Court on January 23, 1990, and defendants removed the action to federal court. Defendants' motion for summary judgment on all claims was granted, and Mr. Vande Slunt appealed. We affirm.
 
 I. FACTS
 
 2
 Mr. Vande Slunt was employed by Mercury Marine at its Oshkosh, Wisconsin plant as a nonunion Model Maker. In 1985, he suffered a work-related injury to his neck and right arm which required him to work under weight restrictions. In 1989, at the age of forty-six, Mr. Vande Slunt was terminated during one of several reductions in workforce of nonunion employees. The terminations of nonunion employees were based on performance rather than seniority.
 
 
 3
 At the time he was terminated, Mr. Vande Slunt's performance was ranked at the bottom of his department, due to relatively low productivity, by his immediate supervisor and his department manager. Mr. Vande Slunt's performance reviews for 1986, 1987 and 1988 were generally adequate, but indicated some need for improvement. On the basis of these performance reviews, Mr. Vande Slunt received annual merit increases which were below average in his department. Mr. Vande Slunt contends, however, that after he was terminated Mercury Marine retained at least five younger, less qualified Model Makers in his department, and that his merit increases were no lower than those of other Model Makers. Mr. Vande Slunt further contends that the company policy requiring that terminations be made in accordance with seniority was ignored in his case, and that statistical data prove that he was the victim of age discrimination.
 
 II. ANALYSIS
 
 4
 In evaluating a district court's grant of summary judgment, we review de novo the record and the controlling law. Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir.1990). A motion for summary judgment shall be granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). The moving party bears the burden of establishing that there is no genuine issue of material fact, Adickes, 398 U.S. at 157, 90 S.Ct. at 1608, and we must view all inferences drawn from the record in the light most favorable to the party opposing the motion. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994 (1962); Smith v. General Scanning, Inc., 876 F.2d 1315, 1318 (7th Cir.1989). However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on the pleadings, but must affirmatively demonstrate by specific factual allegations that there is a genuine issue of material fact entitling him to a trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986).
 
 
 5
 A. ADEA Claim.
 
 
 6
 To determine whether a genuine issue of material fact exists, we consider both the substantive law of employment discrimination and the burdens of proof applicable under this law. Smith, 876 F.2d at 1318. "[A] terminated plaintiff's ultimate burden in an age discrimination case is to prove that he was discharged because of his age." Id. (quoting Oxman v. WLS-TV, 846 F.2d 448, 452 (7th Cir.1988)). A plaintiff may satisfy this burden by presenting either direct or circumstantial evidence of age discrimination, id., or by presenting indirect evidence using the burden-shifting analysis developed for Title VII cases in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 1824-26 (1973), and adapted to age discrimination cases under the ADEA. See Kephart v. Institute of Gas Technology, 630 F.2d 1217, 1219 (7th Cir.1980) (per curiam), cert. denied, 450 U.S. 959, 101 S.Ct. 1418 (1981).
 
 
 7
 In a case where an employer has reduced its workforce ("reduction in force," or "RIF"), a plaintiff may establish a prima facie case of age discrimination by showing (1) that he was within the protected age group; (2) that he was performing according to his employer's legitimate expectations; (3) that he was terminated; and (4) that others not in the protected age group were treated more favorably. Smith, 876 F.2d at 1318; Oxman, 846 F.2d at 455. If a plaintiff makes this showing, a rebuttable presumption of discrimination arises and the burden of production shifts to the employer to give a legitimate, nondiscriminatory reason for the discharge. Oxman, 846 at 453. Where the employer provides such a reason, the presumption of discrimination is rebutted, shifting the burden back to the plaintiff to prove that the employer's proffered reason for the discharge is merely a pretext.[1] Id.
 
 
 8
 Where a plaintiff shows that the employer's proffered reason is pretextual, the trier of fact may infer that the real reason for the discharge was discriminatory, and the plaintiff is entitled to a trial. Shager v. Upjohn Co., 913 F.2d 398, 401-02 (7th Cir.1990). However, simply coming forward with some evidence of pretext does not necessarily defeat the employer's motion for summary judgment. "The district court must still make a judgment as to whether the evidence, interpreted favorably to the plaintiff, could persuade a reasonable jury that the employer had discriminated against the plaintiff." Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1570 (7th Cir.1989).
 
 
 9
 Mr. Vande Slunt's evidence is insufficient to overcome defendants' motion for summary judgment. First, Mr. Vande Slunt has brought forward no direct evidence of age discrimination, and has failed to point out how statistical data provide circumstantial evidence of age discrimination. See Celotex Corp., 477 U.S. at 322-24, 106 S.Ct. at 2552-53. Furthermore, even if Mr. Vande Slunt has made out a prima facie case by the indirect method of proof outlined in Smith and Oxman, he has failed to show that Mercury Marine's reason for terminating him was pretextual.
 
 
 10
 Where an employee's performance is deemed to be adequate, in that it meets his employer's legitimate expectations, the employee's performance may still be inferior to that of other employees in comparable positions. As such, the employee's relatively low performance may constitute a perfectly good reason for termination. See Shager, 913 F.2d at 400-01. In this case, Mr. Vande Slunt's relatively low performance ranking among Model Makers was offered by Mercury Marine as the reason for his termination, creating a presumption that the termination was lawful. The burden then shifted back to Mr. Vande Slunt to bring forward some evidence tending to show that the offered reason was false. Palucki, 879 F.2d at 1570. Mr. Vande Slunt's own opinion of his productivity and of the quality of his work is not sufficient to meet this burden. Id. at 1571; Kephart, 630 F.2d at 1219, 1223. Likewise, conjectures concerning other employees' performance evaluations or merit raises are not relevant to our inquiry. Becker, 914 F.2d at 112; Palucki, 879 F.2d at 1572. We therefore conclude that the district court properly granted summary judgment in favor of Mercury Marine.
 
 B. Pendent State Claims.[2]
 
 11
 After dismissing Mr. Vande Slunt's ADEA claim, the district court proceeded to review the merits of his pendent state law claims, which include handicap discrimination, breach of contract, wrongful termination and promissory estoppel. Not having renewed his handicap discrimination and wrongful termination claims on appeal, Mr. Vande Slunt has waived them. See, e.g., Deeming v. American Standard, Inc., 905 F.2d 1124, 1129 (7th Cir.1990).
 
 
 12
 Where a federal claim is dismissed before trial, a district court should usually decline jurisdiction over any pendent state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27, 86 S.Ct. 1130, 1139-40 (1966). Where, however, the district court has already committed substantial judicial resources in resolving the case, so that sending it to another court would cause a substantial duplication of effort, the district court may exercise its discretion to retain jurisdiction over the pendant claims. See Rosado v. Wyman, 397 U.S. 397, 403-05, 90 S.Ct. 1207, 1213-14 (1970); Graf v. Elgin, Joliet and Eastern Ry. Co., 790 F.2d 1341, 1344, 1347-48 (7th Cir.1986). In this case, the district court judge had before him a developed factual record on each of Mr. Vande Slunt's pendant claims, and the legal issues raised were fully briefed. It was thus within his discretion to reach the merits of the pendant claims. See Graf, 790 F.2d at 1348.
 
 
 13
 On appeal, Mr. Vande Slunt contends that the district court erred in dismissing his breach of contract and promissory estoppel claims against Mercury Marine. In support of these claims, Mr. Vande Slunt argues that he decided to return to work after his injury rather than apply for worker's compensation in reliance upon Mercury Marine's promise that he would continue to be employed despite his physical impairment. In his deposition, however, Mr. Vande Slunt testified that he had reached no understanding with Mercury Marine that he would be retained indefinitely simply because he had been injured on the job. In particular, Mr. Vande Slunt admitted that Mercury Marine never promised him that he would not be terminated in the event of a large layoff such as the one that took place. Under these circumstances, the district court correctly dismissed the claim.
 
 CONCLUSION
 
 14
 The district court's dismissal of Mr. Vande Slunt's ADEA claim and pendant state claims is
 
 
 15
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Note that it is never the employer's burden to prove that it did not discriminate against the plaintiff, but only to state a legitimate reason for discharging him. See Board of Trustees of Keene State College v. Sweeney, 439 U.S. 24, 99 S.Ct. 295 (1978)
 
 
 [2]
 On December 1, 1990, Congress codified the doctrine of pendent jurisdiction under the name "Supplemental Jurisdiction." See 28 U.S.C. § 1367. Because Mr. Vande Slunt filed his complaint on January 23, 1990, the common law doctrine of pendent jurisdiction remains fully applicable. See Pub.L. No. 101-650, Title III, § 310(c); see also Johnson v. Nyack Hosp., 964 F.2d 116, 120 n. 1 (2d Cir.1992)