28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth E. SHELLEY, Plaintiff-Appellant,
v.
UNIVERSITY OF SOUTHERN INDIANA, Defendant-Appellee.
 No. 94-1320.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1994.*
Decided July 14, 1994.
 
 Before CUDAHY, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Kenneth E. Shelley, appealing the grant of summary judgment to his employer in this suit under the Age Discrimination in Employment Act, contends that his demotion was unjustified because he is a better employee than his employer gives him credit for. But the ADEA does not cast the federal court in the role of arbitrator, searching for "just cause" for adverse personnel actions. The question is whether age was the real reason for the decision. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742 (1993); Hazen Paper Co. v. Biggins, 113 S.Ct. 1701 (1993); Anderson v. Baxter Healthcare Corp., 13 F.3d 1120 (7th Cir.1994). We agree with the district judge (whose reasons we need not repeat) that the evidence of record would not permit reasonable jurors to infer that age was the true reason for the decision, so summary judgment was appropriate.**
 
 
 2
 Shelley also argues that the employer retaliated on account of his original complaint to the EEOC when it did not promote him into any of eight positions that became vacant after his demotion. The district court pointed out that the first decision preceded the employer's knowledge of the complaint and therefore cannot be retaliatory. Shelley lacked qualifications for the other positions, the district court concluded, negating any possibility of retaliation. (Shelley had been demoted because he verbally abused his subordinates, making him, the employer believed, a poor candidate for another supervisory position even if he had the technical skills required.) Again we believe that the district judge has correctly assessed the evidence.
 
 
 3
 AFFIRMED.
 
 
 
 *
 On July 1, 1994, the court granted the parties' joint request for waiver of oral argument
 
 
 **
 The dispute about the affidavits offered by the employer is largely irrelevant. Plaintiff needs to show that age accounted for the decision, and excluding these affidavits would not have helped him. At all events, we agree with the district judge that these affidavits were not offered for their bearing on plaintiff's skills (a question on which the supervisors who made the affidavits may not have had personal knowledge) but to show the reasoning process that led to the decision, and that they were proper for that purpose because the supervisors knew their own thought processes. Visser v. Packer Engineering Associates, Inc., 924 F.2d 655, 659 (7th Cir.1991) (en banc); Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir.1989). Cf. Waters v. Churchill, 114 S.Ct. 1878, 1889-91 (1994) (plurality opinion)