Leroy A. BARNHART, Jr., Plaintiff,

v.

MACK TRUCKS, INC., Defendant.

No. 92 C 8387.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 19, 1994.

Herbert H. Victor, Adina N. Sherak–Kelman, Chicago, IL, for plaintiff.

Gerald L. Maatman, Jr., John Michael Murphy, Baker & McKenzie, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

LEFKOW, United States Magistrate Judge.

### Facts [1]

Plaintiff, Leroy Barnhart, worked for defendant, Mack Trucks, Inc. ("Mack"), in a variety of positions from 1978 until 1992.[2] SUMF at ¶ 4–12. He started out as an account executive and over the next fourteen years rose through the ranks. He received acceptable performance reviews in 1984 and 1985 for his performance as a branch manager in Seattle, SUMF at ¶ 13, and in 1985 he was promoted to the position of regional vice-president for Mack's central sales region headquartered in Chicago. SUMF at ¶ 8.

Barnhart understood that as regional vice-president, he was responsible for coordinating Mack's marketing, sales and servicing efforts in its central region, which was compromised of 46 independent distributors and three Mack-owned distribution facilities. According to Barnhart, he worked with Mack's district managers, who in turn worked closely with Mack's independent distributors, to

facilitate the sale of Mack's products. His primary function, although in large part administrative, was to assist Mack's distributors in selling Mack's products. SUMF at ¶ 9. In 1987 and again in 1988, his performance was rated as "Good" on the following scale: "Outstanding," "Excellent," "Good," "Satisfactory," and "Marginal". SUMF at ¶ 15.

He remained in this position until 1989 when he was assigned to manage Mack Canada, Inc., and was promoted to vice-president of Canadian operations. According to Barnhart, as a result of poor sales in Canada, he was transferred back to Chicago in March 1991, and resumed his duties as regional vice-president for the central region. SUMF at ¶ 11.

On July 17, 1992, Paul Ritter, Mack's senior vice-president of sales and marketing, and Barnhart's direct superior, discharged Barnhart. Ritter told Barnhart that his job performance was unsatisfactory. Specifically, Ritter told Barnhart that (1) he had not become sufficiently involved in the retail end of Mack's business and (2) that Mack's distributors lacked confidence in him and did not support him. SUMF at ¶ 23. Subsequent to Barnhart's termination, Ken Yacobozzi, then age 35, a branch manager in the central region who had previously worked under Barnhart, was promoted to the position of regional vice-president. SUMF at ¶ 24. At the time of his termination, Barnhart was 51 years old. SUMF at ¶ 3.

On July 29, 1992 Barnhart filed an administrative charge against Mack with the

---

1. Plaintiff has violated the Local Rules of this Court in that he failed to file the necessary response to the pending motion for summary judgement required by Local Rule 12(n). Rule 12(n) states that, "... All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." If a party opposing a motion for summary judgement disputes a movant's statement, Local Rule 12(n) requires that party to identify and document the dispute in his or her response to the motion. As a result of plaintiff's failure to properly dispute the defendant's facts as required, this court finds that he has admitted the factual assertions posited in the defendant's Rule 12(m) statement. Therefore, the factual assertions of the Defendant will be deemed admitted to by the plaintiff to the

extent that they are supported by the record. Accordingly, the uncontested facts which give rise to this action as stated in defendant's Rule 12(m) statement are summarized. See, *Appley v. West*, 929 F.2d 1176, 1180 (7th Cir.1991); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516 (7th Cir.1992) (summary judgement affirmed where plaintiff's failure to deny the fact that age was not a factor in the employer's decisions as required resulted in plaintiff's admission that age was not a factor in his discharge); *Billingsley v. Norfolk Southern Railway Co.*, No. 93–C3281, 1994 WL 240470, at *4 n. 2 (N.D.Ill. June 1, 1994).

2. References to "SUMF" refer to Defendant's Statement of Undisputed Material Facts.

EEOC alleging that his termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. SUMF at ¶ 3. On December 12, 1992, Barnhart filed the present single-count lawsuit alleging age discrimination under the ADEA. Jurisdiction is present. 28 U.S.C. § 1331. The parties are now before this court on Mack's motion for summary judgement.

### Standard of Review

■■■ Summary judgement is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law. Fed.R.Civ.P. 56(c); *Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1388 (7th Cir.1993). When the party opposing the motion bears the burden of proof on a particular issue, it cannot rest on its pleadings alone; rather it must affirmatively demonstrate by specific factual allegations, that there is a genuine issue of material fact that necessitates a trial. *Beard v. Whitley County REMC*, 840 F.2d 405, 409–410 (7th Cir.1988). Rule 56(c) requires entry of summary judgement if the non-moving party fails to come forth with evidence to refute the moving party's allegations in its motion for summary judgement. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The party opposing the motion must do more than merely raise "some metaphysical doubt as to the material facts" in order to survive summary judgement. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Even though all reasonable inferences are drawn in favor of the party opposing the motion, a scintilla of evidence in support of the non-movant's position will not defeat a motion for summary judgement. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991). Where the factual allegations presented by the party opposing the motion would not lead a rational trier of fact to find for the non-moving party, there is no genuine

issue for trial and the district court should grant summary judgement. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1570–71 (7th Cir.1989). On the other hand, the summary judgement standard must be applied with "added rigor" in employment discrimination cases, due to the unique importance of intent and credibility. *Kralman v. Illinois Dept. of Veterans' Affairs*, 23 F.3d 150, 152 (7th Cir.1994); *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1038 (7th Cir. 1993).

### Analysis

■ Under the ADEA, an employer may not discharge, refuse to hire, or otherwise discriminate against any individual who is age 40 or older. 29 U.S.C. § 623. The plaintiff need not prove that age was the sole factor motivating the employer's decision, only that age was a determining factor; in other words, the employment decision would not have been made but for the employer's motive to discriminate on the basis of age. *Oxman v. WLS–TV*, 846 F.2d 448, 452 (7th Cir.1988).

■ The plaintiff may prove age discrimination in either of two ways. He may try to meet his burden head on by presenting direct or circumstantial evidence that age was a dispositive factor in his discharge. *King v. General Electric Co.*, 960 F.2d 617, 621 (7th Cir.1992). In this case, Plaintiff has failed to show any direct or circumstantial evidence of age discrimination.[3] The plaintiff may also proceed under the indirect, burden-shifting method of proof originally set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and later applied to age discrimination claims under the ADEA. *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 371 (7th Cir.1992).

### A. The Prima Facie Case

■ To establish a prima facie case under the indirect method of proof, the plaintiff

---

3. An example of this type of evidence of would be discriminatory statements made by the employer regarding the defendant's age.

must prove he is (1) in the protected class; (2) performing the job satisfactorily; (3) the subject of a materially adverse employment action; and (4) others outside the class were treated more favorably. *Darnell v. Target Stores*, 16 F.3d 174, 177 (7th Cir.1994). In this case, plaintiff, a 14–year employee of Defendant, was 51 years old at the date of his termination and he was replaced by a younger person (age 35). This is sufficient to state a prima facie case of age discrimination.[4]

## B. Employer's Legitimate Reasons for Discharge

▪ If the plaintiff succeeds in establishing the prima facie case, this creates a rebuttable presumption of discrimination and shifts the burden of production to the employer to articulate a legitimate, non-discriminatory reason for the employee's discharge. *Weihaupt v. American Medical Ass'n*, 874 F.2d 419, 427 (7th Cir.1989). Defendant has offered two non-discriminatory reasons for its discharge of Barnhart. Defendant explains that plaintiff was terminated because he had not sufficiently involved himself in the direct sale of the Mack's products and because he lacked the support and confidence of Mack's distributor organization. These

reasons on their face are non-discriminatory under the ADEA.[5]

## C. Evidence of Pretext

Once the employer articulates a lawful reason for its actions, the presumption dissolves, and the burden shifts back to the plaintiff to prove that the employer's proffered reasons are a pretext for age discrimination. *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1122 (7th Cir.1994).

▪ A plaintiff can prove that an employer's proffered reasons for an employment decision are pretextual by one of two methods: (1) by showing that a discriminatory reason more likely motivated the employer; or (2) by showing that the employer's proffered explanation is unworthy of credence. *Konowitz v. Schnadig Corp.*, 965 F.2d 230, 232 (7th Cir.1992).[6] For summary judgement purposes, the non-moving party must only produce evidence from which a rational trier of fact could infer that the employer lied about its proffered reasons for discharge. *Shager v. Upjohn Co.*, 913 F.2d 398, 401 (7th Cir.1990). If the defendant employer gives a reason for its decision that is unrelated to age, the plaintiff must present evidence either that the real reason for the employment decision was age or that the stated reason is unworthy of belief and in-

---

4. Defendant contends that the plaintiff has not established the third element of the prima facie case, namely that plaintiff was not performing his job satisfactorily when he was terminated. The satisfactory performance standard necessary to establish a prima facie case is fairly easy to satisfy, *Flowers v. Crouch–Walker Corp.*, 552 F.2d 1277, 1283 (7th Cir.1977), and plaintiff's 14 years of employment with the defendant imply that Mack was sufficiently satisfied with his work to meet the prima facie showing.

5. Plaintiff's own statements admit that these were the reasons given to him for the termination. Whether the distributors were in fact dissatisfied with plaintiff is not established on this record, however. Paragraph 19 of the Defendant's SUMF states that Mack's management determined that Mack's distributors were dissatisfied with plaintiff's job performance in that he was not providing sales assistance to them and that they lacked confidence in him. The apparent basis of this statement is found in later-written letters from various Mack distributors. Without affidavits of the declarants, these letters are not in an evidentiary form that can be con-

sidered by the court on a motion for summary judgement under Fed.R.Civ.P. 56 and are therefore disregarded.

6. In regard to the "pretext" prong of the *McDonnell Douglas* framework, the Supreme Court in *St. Mary's Honor Ctr. v. Hicks*, —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), recently rejected the approach that a plaintiff who can successfully show that the reasons proffered by the employer for the discharge are factually false is automatically entitled to a judgement in his favor. The Court in *Hicks* seemed to adopt the approach taken by the Seventh Circuit in *Visser v. Packer Engineering Assoc., Inc.*, 924 F.2d 655, 657 (7th Cir.1991) (en banc), that when an employer offers a pretext or phony reason for why it fired the employee, the trier of fact is permitted, although not compelled, to infer that the real reason was age. The Seventh Circuit in *Anderson v. Baxter Healthcare Corp.*, 13 F.3d 1120, 1123 (7th Cir.1994), interpreted *Hicks* to mean that a plaintiff is not entitled to judgement as a matter of law simply because she proves her prima facie case and shows that the employer's proffered reason for her discharge is false.

stead was a mere pretext for discrimination. *Lindsey v. Baxter Healthcare Corp.*, 962 F.2d 586, 588 (7th Cir.1992). To prove pretext, the plaintiff must show that the employer "made up" its reason for the discharge. *Castleman v. Acme Boot Co.*, 959 F.2d 1417, 1422 (7th Cir.1992). In evaluating whether plaintiff's evidence which disputes defendant's assertions about his job performance gives rise to a genuine issue of material fact as to age discrimination, this court does not sit as a super-personnel department to reexamine a company's business decisions. *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir.1988). The court does not inquire into whether a firm's managers were mistaken in firing a plaintiff who alleges age discrimination. *Id.* Rather, the examination is limited to whether the employer has given an honest explanation for the employer's behavior. *Id.* In other words, where an employer has honestly described the motivation behind its decision, that decision is not a pretext for discrimination just because the plaintiff believes that the employer was mistaken in its beliefs about plaintiff's job performance. *Pollard v. Rea Magnet Wire Co.*, 824 F.2d 557, 559–560 (7th Cir.1987), cert. denied, 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987). Simply put, the fact that a defendant may have made a bad business decision is insufficient to avoid summary judgement. *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir.1986), cert. denied, 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). Consequently, a plaintiff cannot successfully resist a defendant's motion for summary judgement by presenting evidence which relates to the issue of whether defendant was mistaken in firing the plaintiff. Instead, Barnhart must advance proof that tends to show that Mack did not honestly believe the reasons it offered for its

actions. *McCoy v. WGN Continental Broadcasting Co.*, 957 F.2d 368, 373 (7th Cir.1992).

■ Application of the foregoing principles to plaintiff Barnhart's proof confirms that his case cannot survive summary judgement. Plaintiff first offers as proof of pretext satisfactory performance evaluations of his work between 1978 and 1988. This evidence however, is insufficient to create a material issue of fact as to pretext. To prove pretext, an age discrimination plaintiff must present evidence related to the specific reasons for discharge articulated by the defendant. *Anderson v. Stauffer Chemical Co.*, 965 F.2d 397, 403 (7th Cir.1992); See, *Sullivan v. Boys Club of America*, 627 F.Supp. 189, 193 n. 2 (N.D.Ill.1985). To the contrary, the evaluations offered by plaintiff deal with a time period remote from the discharge, predating the plaintiff's termination by at least 4 years.[7] Furthermore, these past evaluations do not correspond to the reasons Mack gave for the termination. These prior evaluations therefore do not respond to or relate to defendant's rationale and do not raise a genuine issue of fact concerning pretext.

Plaintiff also offers proof that Mack's central region met certain sales quotas in 1991 and 1992. Again, plaintiff does not establish a correlation between meeting sales quotas and the specific reasons given for his discharge. There is no evidence that meeting sales quotas was indicative of the measure of the confidence that Mack's distributors had in him or his involvement at the retail sales level. Even if fulfillment of these sales quotas was attributable to the Plaintiff, the evidence does no more than raise a "metaphysical doubt" concerning the credibility of Mack's reasons because it has no context. For example, plaintiff has not offered evidence that meeting quotas was all that Mack

---

**7.** The plaintiff cites to *Graefenhain v. Pabst Brewing Co.*, 827 F.2d 13 (7th Cir.1987), overruled on other grounds, 860 F.2d 834, 836 (7th Cir.1988), for the proposition that performance evaluations that predate a termination are relevant to create a genuine issue of material fact as to pretext. However, in *Graefenhain* the plaintiff's performance evaluations predated their termination by only two to six months. Therefore, the performance evaluations in that case actually reflected the plaintiff's job performance at the date of their

termination, and were therefore relevant to the pretext analysis. This is not true in our case where the most recent evaluation is four years old. Furthermore, proof of generally adequate performance may not be used to rebut a specific reason for discharge, and if the reason for discharge is deficient performance in one area, the plaintiff seeking to prove pretext must demonstrate adequate performance in that area. *Aungst v. Westinghouse Elec. Corp.*, 937 F.2d 1216, 1223 (7th Cir.1991).

expected of its regional vice-presidents, or demonstrated that younger regional vice-presidents similarly situated in terms of performance were treated more favorably than he.

Finally, plaintiff's testimony at his deposition sheds no light on his claim that age was a motivating factor in Mack's decision to terminate him. When asked for the basis of his claim, he responded, "The simple fact that I didn't have any other [sic] basis to think otherwise." Plaintiff's Dep. at 150. He added that he was replaced by a younger person who was paid less than he was. This information is enough to clear the hurdle of the prima facie case, but merely replacing a plaintiff with a younger person does not demonstrate that the motive was age discrimination. *Visser v. Packer Engineering Assoc., Inc.,* 924 F.2d 655, 658 (7th Cir.1991) (en banc). Plaintiff has proffered no proof of any conduct by Mack that, if believed, could lead a reasonable finder of fact to conclude that plaintiff was fired because of his age.

### Conclusion

Summary judgement is designed to head off a trial if the opposing party "does not have a reasonable prospect of prevailing before a reasonable jury—that is, a jury that will base its decision on facts and the law, rather than on sympathy or antipathy or private notions of justice." *Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1572 (7th Cir.1989). Here, the evidence considered in the light most favorable to Barnhart fails to create a jury question that Mack's reasons for discharging him were based on age discrimination. Accordingly, Mack is entitled to judgement as a matter of law.

### Order

Defendant's motion for summary judgement is granted. The clerk is directed to enter judgement in favor of defendant.