**Donna D. FLOWERS, Plaintiff,**

v.

**GOLDMAN, SACHS & COMPANY, Defendant.**

No. 93 C 7818.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 29, 1994.

Ronald L. Barnard, Bradley H. Foreman, Marc L. Newman, Barnard & Foreman, Ltd., Chicago, IL, for plaintiff.

Danuta B. Panich, James D. Holzhauer, Michael F. Rosenblum, Angela K. Dorn, Mayer, Brown & Platt, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Donna Flowers sues her former employer, Goldman, Sachs & Company ("Goldman Sachs"), for race and gender discrimination. Flowers sues Goldman Sachs under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"). Goldman Sachs' motion for summary judgment was granted in part and denied in part. Goldman Sachs now moves for reconsideration of the order denying summary judgment on Flowers' race discrimination claim.

## BACKGROUND

The background facts are discussed in greater detail in the memorandum opinion granting in part and denying in part Goldman Sachs' summary judgment motion. *See* Memorandum Opinion and Order, No. 93 C 7818 (N.D.Ill. Aug. 10, 1994) ("opinion") at 1–4, 1994 WL 424122, *1–*2. Flowers is an African American woman. In June 1990, Goldman Sachs hired Flowers as an executive secretary. In April 1991, Flowers was transferred to the fixed income department of Goldman Sachs' Chicago office where her supervisor was Connie Duckworth. Flowers and Duckworth disputed the nature of Flowers' principal duties and whether her performance was satisfactory.

In the autumn of 1991, Duckworth began to criticize Flowers' work repeatedly. In December 1991, Duckworth gave Flowers an unfavorable work evaluation and issued a performance warning. Flowers responded to the negative evaluation by writing a rebuttal memorandum. Finally, after a meeting in which Flowers told Duckworth that she should get a new secretary, Goldman Sachs notified Flowers that it considered her statement to be a resignation.

## DISCUSSION

■ Motions for reconsideration serve a limited purpose. On reconsideration, a party may not introduce new evidence or legal theories that could have been presented earlier. Nevertheless, a motion to reconsider may be proper to correct manifest errors of law or to present newly-discovered evidence. *See Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). In addition, a motion for reconsideration may be appropriate when "the Court has patently misunderstood a party ... or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990). Goldman Sachs meets its burden on reconsideration.

In ruling that summary judgment was not warranted on Flowers' race discrimination claim, the court found that there are genuine issues of material fact regarding Flowers' ability to make out a *prima facie* case under the *McDonnell Douglas* burden shifting standard. *See* Opinion at 7–8, 1994 WL 424122 at *3–*4. In addition, the court found that there is a genuine issue of material fact concerning whether Flowers was fired for a legitimate nondiscriminatory reason. *Id.* at 8–9, 1994 WL 424122 at *4. Accordingly, the court found that Goldman Sachs failed to establish that there are no genuine issues of material fact and that judgment in its favor is therefore justified.

■ Goldman Sachs persuades the court that its earlier ruling was based on a misapprehension of the governing law. After finding that there was a factual dispute concerning Flowers' *prima facie* case, the court ruled that "Goldman Sachs fails to demonstrate that there are no factual disputes concerning a nondiscriminatory reason for Flowers' dismissal." Opinion at 8–9, 1994 WL 424122 at *4. In so holding, the court erroneously equated Goldman Sachs' burden to

*articulate* a nondiscriminatory reason for firing Flowers with a burden to *demonstrate* its legitimate reason. However, as the Supreme Court has noted:

> the defendant need not persuade the court that it was actually motivated by the proffered reasons ... the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus.

*Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1091, 67 L.Ed.2d 207 (1981). Thus, Goldman Sachs was not required to show that there were no genuine issues of material fact regarding the reason for Flowers' discharge. *See St. Mary's Honor Center v. Hicks,* — U.S. ——, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993). Instead, Goldman Sachs could satisfy its summary judgment burden by simply presenting facts articulating a nondiscriminatory reason for Flowers' dismissal—regardless of factual disputes.

In moving for summary judgment, Goldman Sachs came forward with evidence that Flowers was fired: (1) because she did not perform her secretarial duties well; and (2) because of personality conflicts with Duckworth. *See, e.g.,* Flowers Dep.Exs. 16–17; Duckworth Aff., ¶¶ 15–16. As discussed in the previous opinion, the sufficiency of Flowers' job performance is disputed. *See* Opinion at 7–8, 1994 WL 424122 at *3–*4. However, these factual disputes are immaterial with regard to the nondiscriminatory reason for dismissal. *See St. Mary's Honor Center,* — U.S. at ——, 113 S.Ct. at 2747. The personality conflicts culminated with a meeting in which tempers flared and Flowers suggested that Duckworth should get a new secretary. *See* Duckworth Aff. ¶ 22. In fact, Flowers' complaint cited a disagreement regarding a conference call, not race, as the reason that her relationship with Duckworth initially began to sour. *See* Complaint, ¶ 10. This evidence satisfies Goldman Sachs summary judgment burden of articulating a nondiscriminatory reason for Flowers' discharge. *See Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568, 1570–71 (7th Cir.1989). Accordingly, the burden shifts back to Flowers to raise a genuine issue of fact suggesting that the proffered reason was a pretext for discrimination—*i.e.,* that race was a determining factor in her discharge. *See Hong v. Children's Memorial Hospital,* 993 F.2d 1257, 1261–62 (7th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1372, 128 L.Ed.2d 48 (1994).

In opposing summary judgment, Flowers failed to present any evidence from which a rational factfinder could conclude that race was the motivating factor in her dismissal. Flowers conceded that Duckworth did not intentionally discriminate against her. *See* Flowers Dep. at 414–15. Instead, Flowers merely asserted that she "had concerns" about Duckworth's attitudes. *Id.* Flowers cited her perceptions that Duckworth treated white employees more favorably. *Id.* at 269, 416–17. However, Flowers cited no extrinsic evidence suggesting that Duckworth indeed favored white employees. Flowers' subjective feelings about Duckworth's beliefs do not raise a genuine issue of fact. Nor were Flowers' contentions that she was well-qualified for her position and performed her job satisfactorily sufficient to meet her burden. *See McCoy v. WGN Continental Broadcasting Co.,* 957 F.2d 368, 373 (7th Cir.1992) (court is not empowered to second guess employer's business judgments). Flowers simply failed to meet her burden of raising a genuine issue of material fact. *See* Fed.R.Civ.P. 56(e).

Flowers failed to show that the stated reason for her discharge was pretextual and indeed failed to present any evidence that race was a motivating factor in her dismissal. Thus, summary judgment was warranted on her race discrimination claim. Accordingly, Goldman Sachs motion for reconsideration is granted. Summary judgment is granted in Count I of Flowers' complaint.

### CONCLUSION

For the foregoing reasons, the motion for reconsideration of the court's August 10, 1994 order denying summary judgment on Count I is granted. Judgment is entered in favor of defendant Goldman Sachs & Co. and against plaintiff Donna Flowers.