**Sandra D. HARRISON, Plaintiff,**

v.

**LARUE D. CARTER MEMORIAL HOSPITAL, Defendant.**

**No. IP 93–394–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 25, 1994.

Brenda Franklin Rodeheffer, Monday, Rodeheffer & Jones, Indianapolis, IN, for plaintiff.

Pamela Carter, Anthony W. Overholt, Office of the Atty. Gen., Indianapolis, IN, for defendant.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

Plaintiff Sandra Harrison ("Harrison") moves the Court to amend its Judgment of July 12, 1994, granting summary judgment on all counts in favor of Defendant Larue D. Carter Memorial Hospital ("Carter Hospital"). For the reasons stated below, the Court denies Harrison's motion to amend.

## DISCUSSION

■ To defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence from which a factfinder could reasonably either "(1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *See generally, Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir.1994); *St. Mary's Hon-*

or Ctr. v. Hicks, —— U.S. ——, ——, 113 S.Ct. 2742, 2479, 125 L.Ed.2d 407 (1993).

■ Harrison argues that on July 14, 1994, David Howard, the therapist hired for the RT III position instead of Plaintiff, was transferred from the Adolescent Services division to become Plaintiff's supervisor in the Adult Services division. Plaintiff maintains that Howard's transfer suggests that Defendant's reasons for not hiring Plaintiff were pretextual and that her qualifications were clearly superior for any Adult Services position.[1]

■ It is certainly the case that "[a] desire to hire the more experienced ... applicant is a nondiscriminatory, legitimate, and common reason on which to base a hiring decision." *See Heerdink v. Amoco Oil Co.*, 919 F.2d 1256, 1260 (7th Cir.1990), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991). *Accord E.E.O.C. v. O & G Spring and Wire Forms Specialty Co.,* 38 F.3d 872, 880 (7th Cir. (Ill.), 1994). The question therefore is whether Defendant truly sought someone with the most experience working with adolescents for the job opening in 1992. In *Weihaupt v. American Medical Ass'n,* 874 F.2d 419, 429 (7th Cir.1989), the Seventh Circuit emphasized that a court's "inquiry is limited to whether the employer gave an honest explanation of its behavior." (citations omitted). *See also Bechold v. IGW Systems Inc.,* 817 F.2d 1282, 1285 (7th Cir.1987) (the issue is not whether the reason advanced by the employer is correct, but rather whether it is genuinely held); *Gustovich v. AT & T Communications, Inc.,* 972 F.2d 845, 849 (7th Cir.1992) (upholding managers' decision in hiring where they honestly believed person hired was marginally better employee).

■ In this case, Harrison contends that Howard's transfer from the Adolescent Services division to Adult Services two years after his original hiring means that a reasonable trier of fact could conclude that Defendant's reasons for hiring Howard were unworthy of credence. The Court respectfully disagrees. First, Plaintiff fails to rebut Defendant's justification of its decision to transfer Howard as "financially motivated." Second, and more importantly, the length of time between Howard's hiring into the Adolescent Services division and his recent transfer undercuts the relevance of his transfer for proving pretext. Perhaps if the transfer had taken place immediately or soon after Howard's hiring into Adolescent Services, Plaintiff would have a stronger argument that the reason given for Plaintiff's rejection, namely, her relative lack of expertise working with adolescents, was pretextual. However, there is no evidence suggesting that Defendant was not seeking someone possessing expertise with adolescents at the time of the 1992 opening; and a transfer two years later does not constitute such evidence. Because "Title VII certainly allows employers to hire anyone they want, so long as they do not discriminate against anyone because of certain statutorily enumerated categories like race or color [or gender]," *see Kirk v. Federal Property Management Corp.,* 22 F.3d 135, 137 (7th Cir.1994), and because Plaintiff has not presented evidence from which a rational factfinder could infer that Defendant lied in stating that it did not promote her because she lacked expertise involving adolescents, we deny Plaintiff's motion to amend the Court's judgment as to her Title VII sex discrimination claim.[2] With regard to Plaintiff's retaliation claim, the Court stands on its previous reasoning that no actionable adverse actions were taken against her and

---

1. As noted in our previous entry, the criteria given by Carter Hospital for the RT III position were: "(1) experience with mentally ill adolescents; (2) a willingness to engage in therapeutic (sic) camping and (3) a willingness to engage in active sports with the patients." Declaration of Arthur Sterne at ¶ 6. Defendant deemed Ms. Harrison not as qualified as Mr. Howard under these criteria.

2. We note that even were we to construe Plaintiff's new evidence as showing that Defendant's

reasons were pretextual, Plaintiff has failed to satisfy the second prong of *Hicks,* requiring a showing that defendant's reason for not promoting her was because she is a woman. *Hicks,* —— U.S. at ——, 113 S.Ct. at 2747. *See also Palucki v. Sears, Roebuck & Co.,* 879 F.2d 1568 (7th Cir.1989) (plaintiff does not automatically secure right to trial by rebutting employer's explanation of unfavorable treatment; district court must determine whether plaintiff could persuade reasonable jury that employer discriminated).

rejects Harrison's argument that emotional distress is sufficient to state a retaliation claim.

## CONCLUSION

Because Harrison's newly-adduced evidence is insufficient to create triable issues of fact regarding her two claims, the Court denies Plaintiff's Motion to Amend the Judgment.

It is so ORDERED.