NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2015[*]
Decided April 1, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-3621

| | |
|---|---|
| LESTER DOBBEY, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v*. | |
| | No. 11 C 2374 |
| LIPING ZHANG, et al., | |
|     *Defendants-Appellees*. | Robert M. Dow, Jr., |
| | *Judge*. |

**O R D E R**

Lester Dobbey, an Illinois prisoner, appeals the grant of summary judgment against him in this suit under 42 U.S.C. § 1983 asserting that two prison doctors, Liping Zhang and Parthasarathi Ghosh, as well as a medical technician, Joseph Sheehy, were deliberately indifferent to his chronic back pain. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Dobbey, who is confined at the Stateville Correctional Center, first complained of back pain in 2008. Dr. Zhang, a staff physician at Stateville, prescribed a muscle relaxant that provided some relief. In March 2009 Dobbey experienced a "flare-up": excruciating back pain, swelling in his mid-back, and temporary immobility. Dr. Zhang diagnosed Dobbey with mild scoliosis but found no swelling, deformities, or tenderness. Dr. Zhang prescribed a different muscle relaxant and ordered an x-ray (which came back negative for any abnormalities). Over the next five months, Dobbey saw prison medical staff on three occasions for back pain. He continued to be prescribed muscle relaxants and was also given medication for nerve pain, Motrin, and Tylenol, but doctors, including Dr. Zhang, refused his requests to be seen by a chiropractor or to get an MRI or CT scan.

In August 2009 Dobbey's back flared up again. He was transported to the health services unit, where Dr. Ghosh, who also served as Stateville's medical director, noted muscle spasms in Dobbey's mid-back, prescribed a muscle relaxant and Tylenol, and issued him a lower bunk permit and food lay-in. At Ghosh's direction, Dobbey in early 2010 underwent nine sessions of physical therapy that helped reduce his pain.

In November 2010 Dobbey's back flared up a third time. Dobbey, who was in his cell, asked a corrections officer to see a doctor. The officer contacted Sheehy, the prison's medical technician, and explained that Dobbey was in pain but standing in his cell. Sheehy declined to dispatch Dobbey to the health care unit because pursuant to prison policy no emergency response was necessary—Dobbey had a history of back pain and was ambulatory. Sheehy instructed Dobbey to take his prescribed pain medication and agreed to place Dobbey on the sick-call list so that he could be seen by a doctor at the next available time. Four days later Dr. Ghosh examined Dobbey and found no abnormalities or swelling in his back.

In 2011 Dobbey sued Dr. Zhang and Dr. Ghosh for deliberate indifference in repeatedly treating his back pain ineffectively. Dobbey asserted that the prescribed medications did not treat his back pain and that he should have been referred to an outside specialist or given an MRI. He also alleged that Sheehy was deliberately indifferent in refusing to send him to the health care unit during his third flare-up; according to Dobbey, Sheehy's withholding of emergency medical assistance willfully prolonged his pain.

After the parties cross-moved for summary judgment, the district court struck Dobbey's motion for summary judgment against Sheehy. Dobbey re-filed the motion

and Sheehy, having already responded to Dobbey's first motion for summary judgment, responded that he wished to rely on his earlier submission.

The district court granted the defendants' motions for summary judgment and denied Dobbey's. Regarding the former, the court assumed that Dobbey's back condition was serious but found that the defendants had not been deliberately indifferent to it. The heart of Dobbey's claim against the doctors, the court explained, was his disagreement with them about the proper course of treatment, but prisoners do not have a constitutional right to the treatment of their choice and must provide medical evidence showing that the conservative course of treatment deviated from an accepted standard of care. As for Sheehy, the court determined that he had reviewed Dobbey's records and exercised professional judgment in deciding that Dobbey's flare-up did not constitute an emergency.

On appeal Dobbey asserts that the district court wrongly discounted his evidence that Drs. Zhang and Ghosh persisted in ineffectively treating his back problems. But as the district court explained, Dobbey's only evidence—his own assertions that he did not receive adequate care and disagreed with the course of treatment prescribed by the doctors—is nothing more than an unwillingness to accept the professional judgment of his treating physicians and not a basis for establishing deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1012–13 (7th Cir. 2006).

Dobbey next argues that the court overlooked his argument that the affidavit submitted by Sheehy in support of his motion for summary judgment was self-serving and contained inadmissible hearsay. Sheehy's affidavit described the phone call he had with the corrections officer about Dobbey's condition during his third back flare-up, including his recollection that he reviewed Dobbey's medical files and ascertained that Dobbey's condition did not warrant an emergency response because he was ambulatory. Sheehy's descriptions are not impermissibly self-serving because they are both based on his personal knowledge and they are plausible. *See* FED. R. CIV. P. 56(c)(4); *Widmar v. Sun Chem. Corp.*, 772 F.3d 457, 459–60 (7th Cir. 2014); *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003). And Dobbey cannot refute Sheehy's assertions because he had no personal knowledge of the phone call between Sheehy and the officer nor did he witness Sheehy's actions that day. *See* FED. R. CIV. P. 56(c)(4); *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 753–54 (7th Cir. 2014); *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir. 1989). Further, Sheehy's statement that he was told by the officer that Dobbey was standing in his cell is not hearsay: Sheehy offered that statement not to prove Dobbey's

precise whereabouts, but to explain why he believed that an emergency response was not warranted. *See Malin v. Hospira, Inc.*, 762 F.3d 552, 554–555 (7th Cir. 2014); *United States v. Breland*, 356 F.3d 787, 792 (7th Cir. 2004).

Next Dobbey argues that the district court violated local rules by considering Sheehy's response to his motion for summary judgment–a response that, in his view, should not have been deemed properly filed because it merely relied on a prior filed response. But Dobbey does not explain how relying on a previous response violates any local rule.

Finally, Dobbey argues that the district court wrongly denied his request early in the proceedings to have counsel recruited for him because of the complexity of the case. But the district court acted well within its discretion in denying the request, given its finding that Dobbey was an "experienced litigator" whose submissions in the proceedings had been "coherent and articulate." *See Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014).

AFFIRMED.