13 F.3d 1130
 63 Fair Empl.Prac.Cas. (BNA) 1355,
63 Empl. Prac. Dec. P 42,770
Johnnie LENOIR, Plaintiff-Appellant,
v.
ROLL COATER, INC., a Wholly-Owned Subsidiary of Arvin
Industries, Inc., Defendant-Appellee.
 No. 92-2448.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 27, 1993.
Decided Jan. 12, 1994.
 
 Rick C. Gikas (argued), Kopack & Gikas, Merrillville, IN, for plaintiff-appellant.
 Lester H. Cohen (argued), Barnes & Thornburg, Ronald R. Snyder, Indianapolis, IN, and Gerald F. Lutkus, and Jill D. Jones, Barnes & Thornburg, South Bend, IN, for defendant-appellee.
 Before CUMMINGS, FLAUM, Circuit Judges, and WILL, District Judge.*
 FLAUM, Circuit Judge.
 
 
 1
 In this case Johnnie Lenoir ("Plaintiff") complained that Roll Coater Inc. ("Defendant") violated Title VII of the Civil Rights Act of 1964 by creating a racially hostile working environment and by discharging Plaintiff on the basis of her race. The district court for the Northern District of Indiana granted Defendant's motion for summary judgment on both charges finding that, although Plaintiff made out her prima facie case, she failed to rebut Defendant's reasonable explanation with sufficient evidence, 841 F.Supp. 1457. Plaintiff here appeals only the grant of summary judgment on the discriminatory discharge claim. We affirm.
 
 I. Background
 
 2
 Roll Coater employed Lenoir as a salaried employee from August 1978 until her discharge from their Kingsbury, Indiana facility on March 17, 1989. Originally hired for data entry, Lenoir became a shipping clerk by 1985 and remained in that position until her discharge. In recounting the facts of this case the parties present conflicting stories. Roll Coater claims that it discharged Plaintiff because it reasonably believed that she had threatened two of her co-workers with a large "Rambo-type" hunting knife while on company property. Lenoir vehemently denies Roll Coater's allegations. Charging that she suffered a barrage of racist and sexist epithets while working for the Defendant,[1] Lenoir filed a timely discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") and the Indiana Civil Rights Commission. Following her receipt of an EEOC right to sue letter, Lenoir filed a Title VII complaint in the Northern District of Indiana. After allowing for discovery, the district court granted a motion by Defendant for summary judgment on both the hostile work environment and the discriminatory discharge claims. Here, Plaintiff only appealed the court's grant of summary judgment on her discriminatory discharge claim. See supra note 1. We affirm the district court.
 
 II. Analysis
 
 3
 In her appeal Plaintiff argues that the district court erred in granting summary judgment for Roll Coater, claiming that the facts and reasonable inferences therefrom, viewed in a light most favorable to the Plaintiff, demonstrate that Defendant was racially motivated in its investigation and subsequent dismissal of Plaintiff. We disagree.
 
 
 4
 Plaintiff charges that Defendant violated the federal law presented in Title VII of the Civil Rights Act of 1964.[2] For all such civil rights complaints the Supreme Court has created through McDonnell Douglas Corp. v. Green, a three-part, burden-shifting analysis. See 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Consequently, Lenoir must first establish her prima facie case by showing that: (1) she belongs to some protected class, (2) she performed her job satisfactorily, (3) she suffered an adverse employment action, and (4) her employer treated similarly-situated employees outside her classification more favorably. Id. According to McDonnell, when a plaintiff satisfies each of the above prongs, she has made a prima facia case and raises an inference of discrimination.
 
 
 5
 Of the four McDonnell prongs, here only the fourth has been contested by the parties. The district court found as an initial matter that Lenoir had presented sufficient facts to satisfy all four prongs and thus to establish a prima facia inference of discrimination. We believe that the allegations levied by Plaintiff, along with her support in the record veritably confirms the reasonableness of the district court's initial finding. As we recently opined in Rodgers, derogatory terms such as "nigger" have no place in the employment setting. Rodgers, 12 F.3d at 675. The frequency and tolerance of the racial epithets allegedly used by Roll Coater employees is totally unacceptable. We thus determine, from the record presented by Plaintiff, that a trier of fact could reasonably infer that similarly-situated employees were treated more favorably than Lenoir because of her race. See Memorandum Opinion, supra note 1, 841 F.Supp. at 1460-62. Noting that the record presents at least some evidence that Plaintiff satisfied each of the other three McDonnell prongs, we accept the district court's finding that Plaintiff has made a prima facia case of discrimination.
 
 
 6
 Having established the prima facia case, Plaintiff has shifted her burden to the Defendant to explain the reason for its allegedly discriminatory actions. McDonnell, 411 U.S. at 802-03, 93 S.Ct. at 1824. An employer may account for its conduct by articulating at least some legitimate, nondiscriminatory reason for discharging the employee. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Smith v. General Scanning, Inc., 876 F.2d 1315, 1319 (7th Cir.1989); Palucki v. Sears, 879 F.2d 1568, 1570 (7th Cir.1989). The district court found that Roll Coater's articulated and demonstrated reason for discharging Lenoir had a basis in fact and was sufficient to warrant Lenoir's discharge. We note that in the record Lenoir either concedes or fails to challenge the factual foundation of Roll Coater's explanation. Clearly, Roll Coater's explanation seems sufficient to warrant Lenoir's discharge. If management honestly believed Lenoir merely possessed a weapon on company property, let alone wielded it at coworkers and made the menacing comment that she could kill them without remorse, then Roll Coater had a reasonable explanation for discharging Lenoir. Plaintiff apparently agrees. "Without question, if Lenoir was guilty of the offenses listed above, she could rightfully be fired." Appellant's Brief, No. 92-2448 at 27. Since Roll Coater's explanation had both a reasonable basis in fact and Lenoir's alleged conduct, if true, would be sufficient to warrant discharge, the burden of proving a Title VII violation shifts back again to Plaintiff to show that the Defendant's explanation is merely a pretext for discrimination. Smith, 876 F.2d at 1319.
 
 
 7
 In trying to establish a basis that an employer's explanation was merely pretextual, an employee must "focus on the specific reasons advanced by the defendant to support the discharge." Smith, 876 F.2d at 1319; see also Aungst v. Westinghouse Electric Corp., 937 F.2d 1216, 1220, 1221, 1223 (7th Cir.1991). Since Roll Coater explained that it fired Lenoir for a weapons violation, this is what Plaintiff must rebut. Because the district court correctly found that Lenoir could not rebut this explanation with direct evidence, Plaintiff must prove pretext indirectly by showing one of the following: (1) Defendant's explanation of Plaintiff's discharge had no basis in fact, or (2) the explanation was not the "real" reason, or (3) at least the reason stated was insufficient to warrant the discharge. Smith, 876 F.2d at 1319. Once Defendant has presented a reasonable explanation for Plaintiff's treatment, if Plaintiff cannot then show any evidence of pretext, then Defendant may properly be granted summary judgment. That is exactly what has happened to Plaintiff here.
 
 
 8
 Lenoir presents two arguments in an effort to raise an inference of pretext. First, she argues that Roll Coater's explanation for her discharge had no basis in fact, and second, she attempts to bootstrap her "race harassment" allegations[3] into an argument that Roll Coater's investigation was tainted by a racially animated predisposition so that its explanation for her discharge was preordained. A strong undercurrent running throughout all of Lenoir's argument is her claim of innocence--that the weapons violation never happened. But these challenges do not address the question of law before the court. The question is whether Roll Coater could have reasonably believed that Lenoir was guilty of the offenses charged. Even in Appellant's brief, Lenoir reluctantly concedes that the real issue here is whether Roll Coater formed an honest belief that she wielded the Rambo-type knife in a threatening manner or even brought such a weapon onto company property. Appellant's Brief, No. 92-2448 at 27. Thus, properly framed, the issue on appeal remains whether Lenoir presented sufficient evidence for a trier of fact to conclude that Roll Coater's decision to discharge her was discriminatory. We agree with the district court.
 
 
 9
 According to the district court, Plaintiff has presented no evidence to show that Roll Coater acted with anything other than nondiscriminatory motives in dismissing Lenoir. Memorandum Opinion, supra note 1, 841 F.Supp. at 1466. After reviewing the record we see no evidence that would require us to upset the district court's conclusion. Plaintiff has failed to show that Roll Coater's explanation for her discharge is fantastic, unworthy of credence, or even that it is more likely than not that Roll Coater was motivated by racial discrimination rather than by its need to enforce company rules. Viewing the record most favorably to Plaintiff, she may have established that Roll Coater's investigation may have lead to an incorrect result,[4] but she has not presented anything from which a trier of fact could find that her race played a part in the decision to fire her. The record supports the district court's conclusion that Lenoir would have been discharged for violating the company's rules regardless of her race. Id., at 1466-67. Thus we affirm.
 
 III. Conclusion
 
 10
 For the foregoing reasons we conclude that the district court's grant of summary judgment in favor of Defendant on the discriminatory discharge claim was proper. With no other matters raised before this court, the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, District Judge of the Northern District of Illinois, sitting by designation
 
 
 [1]
 The Plaintiff recounts a number of disturbing racial epithets. See Lenoir v. Roll Coater Inc., 841 F.Supp. 1457, 1460-62 (N.D.Ind.1992) (hereinafter "Memorandum Opinion "). It is intolerable that treatment such as that allegedly endured by Plaintiff would have to be endured by anyone at the work place. See Rodgers v. Western Southern, 12 F.3d 668, 675 (7th Cir.1993). Notwithstanding the horribleness of Plaintiff's allegations, they principally concern Lenoir's charge of a racially hostile work environment. We note, however, that Appellant's brief never questioned the district court's summary judgment on Plaintiff's hostile environment claim, appealing only the court's summary judgment on her discriminatory discharge. See generally Brief of Plaintiff-Appellant, Johnnie Lenoir v. Roll Coater Inc., No. 92-2448 (7th Cir. April 13, 1992) (hereinafter "Appellant's Brief "). Thus, no matter how base and repugnant Defendant's alleged conduct, Plaintiff has apparently waived any opportunity to pursue further her hostile environment claim. See Sere v. Bd. of Trustees, 852 F.2d 285, 287 (7th Cir.1988)
 
 
 [2]
 See 42 U.S.C. Sec. 2000e-2(a) (1993). The following text from the federal statute ought to be the relevant consideration in a Title VII case: "It shall be an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individuals's race, color, religion, sex or national origin" (emphasis supplied)
 
 
 [3]
 But see supra note 1 and accompanying text
 
 
 [4]
 We have some concern as to the possible lack of thoroughness on the part of the Defendant. However, noting that Defendant may have been able to improve its investigation of Lenoir, we cannot find any defect that could stand as sufficient indication that Defendant had less than a legitimate reason to dismiss Plaintiff. Recognizing that Defendant certainly could have improved its investigation of Lenoir, its actions nonetheless clear the hurdle created by the Supreme Court in McDonnell. See Memorandum Opinion, supra note 1 at 23 ("Although Ms. Lenoir shows that the investigation could have been more thorough, and less one-sided, she does not show that the investigators could not have come to the good faith belief that she violated company rules.")