Charles HUGHES, Plaintiff–Appellant,

v.

Jesse BROWN, Secretary of
the Department of Veterans
Affairs, Defendant–Appellee.

No. 93–1948.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 10, 1993.

Decided March 31, 1994.

Gerald A. Goldman, Arthur R. Ehrlich (argued), Goldman & Marcus, Chicago, IL, for plaintiff-appellant.

Ernest Y. Ling (argued), Office of U.S. Atty., Crim. Div., Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

In this case Charles Hughes, ("Plaintiff") complained that the defendant, acting through a North Chicago Veteran's Administration Hospital ("VA"), violated Title VII by twice denying him a promotion—the first time allegedly on the basis of his race, and the second time allegedly on the basis of his gender. After a bench trial the district court found for the defendant on both discrimination claims. We affirm.

## I. Background

In 1958, Plaintiff, a black man, began his career with the VA hospital in the laundry

department, but transferred to housekeeping after his first year of work. During his second year in housekeeping, the hospital promoted Plaintiff to Housekeeping Team Leader. In 1967 Plaintiff received another promotion to Housekeeping Aid Foreman ("HAF"). Despite this early achievement, Plaintiff's career leveled off in the 1970s and 1980s. While he managed to maintain his HAF position, the hospital twice passed over Plaintiff for further promotions. In August 1990, Plaintiff filed this Title VII suit complaining that the missed promotions were the result of racial and gender bias.

Plaintiff first charges that the defendant violated Title VII when the VA hospital failed to promote Plaintiff to Assistant Hospital Housekeeping Officer ("AHHO"), a GS–9/11 position.[1] In 1984, Plaintiff initially applied for the AHHO position at the suggestion his supervisor, a Mr. Simms, who also was the person responsible for selecting the new AHHO. The AHHO would have been a big promotion for Plaintiff since he was then paid at a WS–2 level.[2] Simms allegedly found Plaintiff to be at least minimally qualified for the AHHO promotion; however, Simms passed away before the promotion could be completed. After Simms' death the VA canceled its AHHO opening with the intention of reoffering the position at a later date. In June of 1985 the VA reannounced the AHHO opening as a GS–7/9 or 11 position. When Plaintiff reapplied, this time presumably without Simms' help, the VA found him unqualified and awarded the AHHO to a man of a different race. Plaintiff claims this process was tainted by racism.

The Plaintiff also charges that later in the year the defendant again violated Title VII when the VA failed to promote Plaintiff to the chief Housekeeping Aid Foreman ("CHAF"), a WS–4 position. When Plaintiff applied for the CHAF position, the VA administrator determined that Plaintiff was at least minimally qualified, and allowed him to compete against the other competent applicants. Nevertheless, Plaintiff failed to obtain the promotion which went instead to a black woman. Plaintiff claims he was denied this promotion because of sexism.

Initially the district court dismissed Plaintiff's entire complaint on summary judgment finding that Plaintiff failed to allege a *prima facie* case. We reversed that decision in part and remanded the race and gender claims for a trial.[3] *Hughes I,* 967 F.2d at 1174. After a bench trial the district court concluded that the defendant's proffered nondiscriminatory reasons for denying Plaintiff the promotions were not pretextual, and accordingly entered judgment for the defendant.

## II. Analysis

An employee may establish a *prima facie* Title VII case by showing that: (1) he belongs to some protected class, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated similarly-situated employees outside his classification more favorably. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). When an employee satisfies each of the above prongs, he raises an inference of discrimination. *See id.* These four prongs present a low hurdle which, as the district court concluded, Plaintiff clears unremarkably.

Once a *prima facie* case is established, the employer must somehow account for its allegedly discriminatory actions. *McDonnell Douglas,* 411 U.S. at 802–03, 93 S.Ct. at 1824–25; *Morrison v. Booth,* 763 F.2d 1366, 1371 (11th Cir.1985). An employer may rebut a *prima facie* case by articulating at least some legitimate, nondiscriminatory reason for its allegedly bias employment decision. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67

---

**1.** The term "GS" is the common abbreviation for "Government Service" and indicates the level of pay for salaried government employees. *See Hughes v. Derwinski,* 967 F.2d 1168, 1170 n. 1 (7th Cir.1992) (hereinafter *Hughes I*).

**2.** The term "WS" is an abbreviation for "Wage Scale." All WS government employees are paid

on an hourly basis, whereas GS employees are salaried. *See Hughes I,* 967 F.2d at 1170 n. 1.

**3.** Plaintiff's original complaint contained a retaliatory discharge complaint also dismissed on summary judgment by the district court. We affirmed its dismissal. *Id.*

L.Ed.2d 207 (1981); *Palucki v. Sears,* 879 F.2d 1568, 1570 (7th Cir.1989); *Smith v. General Scanning, Inc.,* 876 F.2d 1315, 1319 (7th Cir.1989).

The employee may challenge the employer's stated reasons as being merely pretextual. *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). An employee may establish pretext by proving one of the following: "(1) [d]efendant's explanation had no basis in fact, or (2) the explanation was not the 'real' reason, or (3) at least the reason stated was insufficient to warrant the discharge." *Lenoir v. Roll Coater, Inc.,* 13 F.3d 1130, 1133 (7th Cir.1994); *see also Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). In trying to establish that an employer's explanation is pretextual, an employee must "focus on the specific reasons advanced by the defendant." *Smith,* 876 F.2d at 1319; *see also Aungst v. Westinghouse Electric Corp.,* 937 F.2d 1216, 1220–23 (7th Cir.1991).

In this case Plaintiff asserts that the VA promoted a white man and a black woman instead of a black man because of racism in the first instance and sexism in the second. In answering Plaintiff's charges, the defendant explains that the VA reasonably believed that Plaintiff was not as qualified for the AHHO and CHAF positions as the successful applicants. The district court found this explanation to be credible and non-pretextual. Transcript at 185, *Hughes v. Derwinski,* No. 90 C 4443 (N.D.Ill. May 26, 1993). In making its determination the district court weighed the testimony from numerous witnesses, including Plaintiff, before making its credibility findings.[4]

■ We must accept the district court's factual findings unless such findings are

shown to be *clearly erroneous. See* Fed. R.Civ.P. 52(a); *Anderson v. City of Bessemer,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Surprisingly, Plaintiff argues that we must review the district court's factual findings for consistency with the *manifest weight* of the evidence. Brief of the Appellant at 4, *Hughes v. Brown,* No. 93–1948 (7th Cir.1994). Plaintiff has cited correctly the appellate review standard of the Illinois state appellate courts, *see Department of Corrections v. Adams,* 146 Ill.App.3d 173, 100 Ill.Dec. 73, 77, 496 N.E.2d 1138, 1142 (1st Dist.1986); however, as this case is before a federal court we will apply the clearly erroneous standard. *Anderson,* 470 U.S. at 573, 105 S.Ct. at 1511.

■ Based upon the record before us, we do not find the district court's findings to be clearly erroneous. In his brief, Plaintiff does not offer any direct evidence of pretext. Plaintiff merely argues the facts in an attempt to establish that he was the most qualified person for the AHHO and CHAF positions. This argument misses the mark.[5] The district court weighed the credibility of witnesses before finding the defendant's explanation credible and non-pretextual. This is what Plaintiff must rebut by showing that the district court's findings are clearly erroneous. He has not done so. Since Plaintiff's factual arguments have already been heard and rejected by the fact-finder at trial, and because nothing in the record establishes the district court's judgment as clearly erroneous, we must affirm.

---

4. As part of his pretext argument Plaintiff also claims that he was denied training by the VA hospital preferentially, and that the VA failed to follow its own internal promotion procedures. At trial, however, a Mr. Edwards, the VA's selecting official after Simms' death, testified that he had offered Plaintiff the training that he now claims he was denied. Furthermore, the VA's personnel officer, a Ms. Wusterfeld, testified that the VA followed its regular procedures with respect to Plaintiff. The district court weighed the

credibility of all the witnesses testimony, and found the witnesses for the defendant credible.

5. Even if Plaintiff proves the defendant made a mistake and that Plaintiff was in fact the most qualified person for both the AHHO or CHAF positions, he has not established, as he must, that the defendant's proffered reason, the VA reasonably believed Plaintiff to be less qualified, was a mere pretext for racial and gender bias. *See Lenoir,* 13 F.3d at 1133.