Sarah J. JONES, Plaintiff,

v.

**WORLD'S FINEST CHOCOLATE INC., Defendant.**

**No. 94 C 728.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 9, 1994.

Sarah J. Jones, pro se.

Linda C. Chatman, Chicago, IL, for defendant.

## MEMORANDUM OPINION
## AND ORDER

GETTLEMAN, District Judge.

Plaintiff, Sarah Jones, brings this action against defendant, World's Finest Chocolate, Inc., asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000e et seq. Defendant has filed a motion for summary judgment under Fed.R.Civ.P. 56(c). For the reasons stated below, the Court grants defendant's motion.

### 1. Facts

Defendant employer hired plaintiff, an African American, in January, 1986. Plaintiff was a sanitation worker working the 11:00 p.m. shift at the time of the alleged conduct. During her normal evening shift on August 4, 1992, plaintiff became ill and went to the hospital the following morning. Plaintiff was treated and received discharge instructions from the hospital. The instructions did not call for plaintiff to be placed on "light work" status.[1]

---

1. The hospital form had a section called "Other    instructions." The attendant checked the lines

Plaintiff returned to work for her regular evening shift on August 5. During her shift, plaintiff refused to perform a task assigned by her supervisor. Plaintiff requested placement on light work status because she was in pain. Her supervisor denied the request, stating that defendant's policy requires a doctor's note prior to assignment of light work status. Plaintiff continued to refuse to do the assigned tasks and was sent home early from her shift.

The supervisor suspended plaintiff, without pay, for the remainder of that shift and one additional shift. The following morning, plaintiff returned to work and met with higher officials, who upheld plaintiff's suspension. During that meeting, plaintiff quit and left defendant's employ.

A few weeks after these events, on August 17, 1992, plaintiff filed charges with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). In the EEOC charge, filed pursuant to 42 U.S.C. § 2000e–5(e)(1), plaintiff claimed that defendant discriminated against her, because of her race, when it refused to assign her light duty as allegedly prescribed by her physician.

On November 30, 1993, the EEOC issued its determination that the evidence failed to establish a violation of the statute. The EEOC found that plaintiff had failed to supply a doctor's note prior to requesting light duty, and that defendant had granted light duty to both blacks and whites when it received the proper documentation. Plaintiff then filed this action. Plaintiff's *pro se* complaint differs from her EEOC claim by alleging that defendant discriminated against her because it assigned people of other races to

instructing plaintiff to follow instructions on her prescription label, and to call her regular physician for a follow-up appointment. The line instructing "Light Work" was not checked.

2. Defendant has not raised the issue of whether plaintiff's claim in this case can differ from her EEOC complaint. Because the Court is granting defendant's motion for summary judgment on other grounds, the Court will not discuss that issue in this opinion. See, *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir.1988).

light duty without a notice from their doctors.[2]

## 2. Summary Judgment

Under Fed.R.Civ.P. 56(c), a court should grant a movant's summary judgment motion if "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law." The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of a genuine issue of material fact. *Id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). The simple assertion that a factual dispute exists is not enough to defeat a Rule 56(c) motion. To defeat a motion for summary judgment, the non-moving party must set forth specific facts, through affidavits or other materials, that demonstrate disputed material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

When reviewing a summary judgement motion, the Court must read the facts in a light most favorable to the non-moving party. *Id.*, 477 U.S. at 255, 106 S.Ct. at 2513. If the plaintiff is proceeding *pro se*, as in the instant case, the complaint should be construed liberally. See, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

## 3. Discrimination Claims under Title VII

Plaintiff alleges that defendant discriminated against her based on her race.[3]

3. While plaintiff does not specify the statute defendant has allegedly violated, the Court interprets the claim to be based on a violation of 42 U.S.C. § 2000e–2, which reads in part:

(a) It shall be an unlawful employment practice for an employer—
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

The Supreme Court has created a three step analysis in Title VII discrimination cases. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Plaintiff must first establish a prima facie case of discrimination by showing: (1) the plaintiff belongs to a protected class, (2) she performed her job satisfactorily, (3) the plaintiff suffered an adverse employment action, and (4) the defendant employer has treated similarly-situated employees more favorably. *Id.; Lenoir v. Roll Coater, Inc.,* 13 F.3d 1130, 1132 (7th Cir.1994); *Kirk v. Federal Property Management Corp.,* 22 F.3d 135, 138 (7th Cir.1994). If the plaintiff establishes a prima facie showing, the defendant must rebut that by producing some evidence that there was a legitimate, nondiscriminatory reason for its action. *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 986, 108 S.Ct. 2777, 2784, 101 L.Ed.2d 827 (1988). The burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reasons produced by the defendant are a pretext for discrimination. *Id.* The Supreme Court has stressed that the ultimate burden of persuasion that the defendant discriminated against the plaintiff "remains at all times with the plaintiff." *Id.; Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

In the instant case, plaintiff fails to establish the first step of the *McDonnell Douglas* analysis for two reasons. First, plaintiff fails to show that she was performing her work satisfactorily. Plaintiff concedes she refused to perform assigned tasks. Second, plaintiff fails to demonstrate that defendant has treated similarly situated employees more favorably. In her complaint and interrogatory answers, plaintiff alleges that defendant has re-assigned light duty to people of other races. Plaintiff names three employees that had allegedly been placed on light duty assignment without a doctor's note. Defendant refutes those allegations by producing affidavits from the three named employees, stating they received light duty status only after having produced a doctor's note. Defendant also submitted an affidavit from the Human Resource Manager stating, "the company's uniform practice has been to require doctor's slips of *all* employees requesting light or restricted duty," and that he had "no knowledge of any employee being granted light or restricted duty without a doctor's slip." Defendant further defends the equal enforcement of its rule by producing a list of all employees in plaintiff's department that shows no employee has received "light duty" without a doctor's note. Plaintiff has offered nothing to rebut these affidavits this and exhibit.[4]

Even if plaintiff had established a prima facie case, defendant's unrebutted facts have established a legitimate, nondiscriminatory reason for its actions. Because plaintiff has failed to offer any evidence that the reason for defendant's refusal to place her on light duty work status without a doctor's note was a pretext for discrimination, she has failed to meet her burden of demonstrating a genuine issue of a material fact.

### 4. Conclusion

For the reasons set forth above, the Court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgement is granted.

---

4. In her response to defendant's summary judgment motion, plaintiff alleges that defendant engages in other racially discriminatory employment practices. These allegations include observations that non-black employees have refused to perform assigned tasks, or have refused to work in certain areas, and are not penalized. While the Court complements plaintiff's efforts to comply with the rules governing responses to motions for summary judgment, her response fails to offer any admissible evidence to support these claims. Moreover, even if these allegations were properly supported and in dispute, they are irrelevant to plaintiff's claim because the events alleged by plaintiff have nothing to do with her claim that she was denied light duty because of her race. Therefore, these allegations do not preclude the Court from granting defendant's summary judgement motion. *Rush v. McDonald's Corporation,* 760 F.Supp. 1349, 1360 (S.D.Ind.1991), aff'd 966 F.2d 1104 (7th Cir. 1992).