108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin TURNER, Plaintiff-Appellant,
v.
OFFICE DEPOT, INCORPORATED, Donald Breslawski and William
Bub, Defendants-Appellees.
 No. 95-2923.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 5, 1997.*
Decided March 7, 1997.
Rehearing Denied April 25, 1997.
 
 Before BAUER, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Melvin Turner worked for Office Depot, Inc., from August 21, 1990 until he was fired on July 3, 1991. Thereafter, Turner filed this suit against Office Depot and two of its employees, Donald Breslawski and William Bub, alleging that he was fired due to his race, in violation of Title VII, 42 U.S.C. § 2000(e).[1] After a bench trial, the district court ruled that Turner "ha[d] not shown by a preponderance of the evidence ... that race was a motivating factor in [his firing]." The district court therefore entered judgment in favor of Office Depot on Turner's Title VII claim, and this appeal followed.
 
 
 2
 On appeal, Turner raises two claims: that the district court erroneously credited Office Depot's witnesses, and that the district court erroneously concluded that the preponderance of the evidence did not support his Title VII claim. As to the first claim, determinations of credibility are solely in the province of the fact-finder, and therefore are not subject to appellate review. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985); Brandt v. Village of Chebanse, 82 F.3d 172, 173 (7th Cir.1996).
 
 
 3
 We review the district court's ultimate determination--that Turner failed to prove by a preponderance of evidence that Office Depot fired him for discriminatory reasons--for clear error. Turgeon v. Premark Int'l, Inc., 87 F.3d 218, 221 (7th Cir.1996). On appeal, Turner does not point to any error in the district court's holding; he merely re-argues the facts and urges us to reach a conclusion different from the district court's. However, once we accept the district court's determinations that the defendant's witnesses were credible--as we must under Anderson--there is nothing in the record to indicate that the district court's judgment was clearly erroneous. Therefore, we must affirm the district court. Hughes v. Brown, 20 F.3d 745, 747 (7th Cir.1994).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Turner also raised various additional claims under state and federal law related to his claim of race-based firing. The district court dismissed those claims, as well as Turner's Title VII claims against Breslawski and Bub, prior to trial. On appeal, Turner does not challenge the dismissal of these claims